

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2005

# Scatorchia v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Scatorchia v. Comm Social Security" (2005). *2005 Decisions.* Paper 1008.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1008

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3626

———

EILEEN C. SCATORCHIA,
                                                    Appellant
v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cv-06013)
District Judge: Honorable Mary L. Cooper

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 6, 2005

Before: FUENTES, VAN ANTWERPEN and BECKER, Circuit Judges.

(Filed June 15, 2005 )

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

　　Appellant Eileen Scatorchia ("Scatorchia") appeals from the District Court's judgment

affirming the denial by the Commissioner of Social Security ("Commissioner") of her application

for disability insurance benefits.  Scatorchia challenges the ALJ's determination at steps three and

1

four of the five-step evaluation process that the Social Security Administration has promulgated for determining whether an individual is entitled to such disability insurance benefits. *See* 20 C.F.R. § 404.1520. Scatorchia alternatively argues that her case should be remanded to the ALJ in order to consider additional evidence that she has now but did not attempt to obtain until after her hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

I.

Scatorchia was 35 years old at the time of her administrative hearing. She has a twelfth grade education and past relevant work experience as a bookkeeper. Scatorchia claimed that her disability began on June 26, 1998, when she became unable to work because of low back pain, low extremity pain, and other adverse symptoms associated with her history of spondylolisthesis, or slipped vertebra.

At the conclusion of her administrative hearing, the ALJ denied Scatorchia's application for disability benefits on November 24, 1999. The ALJ determined that Scatorchia was not entitled to benefits because, notwithstanding evidence of some pain and related symptoms arising from her spondylolisthesis, she remained able to perform her past work as a bookkeeper. Subsequently, on October 24, 2001, the Appeals Council denied Scatorchia's request to review the ALJ's decision, causing the ALJ's decision to become the final decision of the Commissioner.

Scatorchia then sought judicial review of Commissioner's final decision in United States District Court for the District of New Jersey pursuant to 42 U.S.C. § 405(g). On June 25, 2004, the District Court granted the Commissioner's motion for summary judgment. This appeal followed.

II.

Our review of the Commissioner's final decision is necessarily limited. We are bound by

2

the Commissioner's findings of fact provided that they are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer*, 186 F.3d at 427 (citations omitted).

III.

Scatorchia first challenges the ALJ's decisions at steps three and four of the five-step evaluation process that is required by the Social Security Administration for use in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520. In step one, the Commissioner decides whether the claimant is presently engaging in substantial gainful activity. If the claimant is working, he or she is not eligible for disability insurance benefits. 20 C.F.R. § 404.1520(b). In step two, the Commissioner determines whether the claimant is suffering from a severe impairment. If the claimant is not suffering from a severe impairment, the claimant is not eligible for disability insurance benefits. 20 C.F.R. § 404.1520(c). In step three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listings"). 20 C.F.R. § 404, Subpt. P, App. 1. If the claimant's condition meets or equals one of the impairments listed in Appendix 1, he or she is entitled to benefits; if not, the Commissioner proceeds to step four. 20 C.F.R. § 404.1520(d). In step four, the Commissioner determines whether the claimant retains what is called the residual functional capacity to perform his or her past relevant work. If the claimant remains able to perform that past relevant work, he or she is not entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f). Finally, in the fifth step, the Commissioner considers whether there exists work opportunities in the national economy that the claimant can perform given his

3

or her medical impairments, age, education, past work experience, and residual functional capacity. If the Commissioner demonstrates that such work exists, the claimant is not entitled to disability insurance benefits. 20 C.F.R. § 404.1520(g).

We first consider Scatorchia's step three argument. Scatorchia argues that the ALJ erred at step three by failing to determine that her impairment equaled one in the Listings set forth at Section 1.05(c). Scatorchia admits that her impairment, spondylolisthesis, does not specifically appear in the Listings, but argues that it nonetheless falls within Section 1.05(c)'s description of "other vertobrogenic disorders." In light of our standard of review, we disagree with this argument, because substantial evidence supports the ALJ's determination. Scatorchia's impairment is not equivalent to the Listing at Section 1.05(c), which requires an impairment to consist of both "(1) Pain, muscle spasm, and significant limitation of motion in the spine; and (2) Appropriate radicular distribution of significant motor loss with muscle weakness and sensory reflex loss." 20 C.F.R. § 404, Subpt. P, App. 1, § 1.05(c). Scatorchia's medical evidence, however, fails to show that she suffered from the requisite "significant limitation of motion in the spine." § 1.05(c). For example, Dr. Hess, a consultive examiner who completed a full examination of Scatorchia, found that "when [Scatorchia] relaxed, range of motion [of the spine] seemed to be near normal." As a result of his examination, Dr. Hess reported "no major objective findings." Because Scatorchia did not offer any evidence at her ALJ hearing to rebut or contradict Dr. Hess' observations, we find that the ALJ properly discharged its duties in evaluating the relevant evidence on this claim, and that substantial evidence supports the ALJ's finding as to this facet of the step three determination.

Scatorchia next contends that the ALJ failed to identify the Listing in the regulations that

4

came closest to matching her symptoms. She relies on *Burnett v. Commissioner of Social Security Admin.*, 220 F.3d 112, 119-20 (3d Cir. 2000) (placing the burden of identifying relevant Listings on ALJs). Scatorchia's reliance on *Burnett* is ultimately misplaced, however. In *Jones v. Barnhart*, 364 F.3d 501 (3d Cir. 2004), we adopted, subsequent to *Burnett*, a more flexible approach on this issue of similar Listings at step three. *See Jones*, 364 F.3d at 505 (holding that an ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis," but must merely ensure "that there be sufficient explanation to provide meaningful review of the step three determination"). We concluded in *Jones* that an ALJ had satisfied this standard by clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant Listing. *Id.* Similarly, in this case, the ALJ clearly and fully evaluated and explained the medical evidence set forth in the record. The ALJ discussed the medical evidence, and its effects on Scatorchia, with specificity. As such, the ALJ properly discharged its responsibilities under *Jones*. We accordingly discern no error with respect to this facet of the ALJ's step three analysis, either.

## IV.

Scatorchia's next argument is that the ALJ erred at step four by concluding that Scatorchia would be able to return to her past relevant work as a bookkeeper. The ALJ based this determination on objective medical evidence introduced at her hearing, some of which we have discussed in our review of step three, as well as the ALJ's evaluation of Scatorchia's credibility at her administrative hearing. Scatorchia does not contest this record evidence, but rather only the ALJ's credibility determination, in which he found that Scatorchia's allegations of

5

pain were not fully credible.

Under the applicable Social Security regulations, allegations of pain and other subjective symptoms advanced by a claimant must be supported by objective medical evidence. *See* 20 C.F.R. § 404.1529. If an ALJ concludes that the available medical findings and evidence could reasonably cause a claimant's alleged subjective symptoms, the ALJ must attempt to ascertain and evaluate the severity of the claimant's pain as well as the degree to which it may limit the claimant's ability to perform various types of work. "This obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). When an ALJ undertakes this required credibility determination, 20 C.F.R. § 404.1529(c) and Social Security Ruling 96-7p provide necessary guidance. SSR 96-7p articulates several factors for an ALJ to consider in making the credibility determination about pain and subjective symptoms, including, *inter alia*: "the individual's daily activities" and "the consistency of the individual's own statements." SSR 96-7p. Those are the factors that the ALJ considered here in determining that Scatorchia was not fully credible.

The ALJ found inconsistencies between Scatorchia's testimony as to her daily living activities, on the one hand, and her claimed level of pain and incapacitation, on the other hand. For example, Scatorchia claimed that she could not remain in one position for any length of time, move easily, or carry anything heavier than a few pounds. The ALJ observed record evidence, however, including testimony by Scatorchia, showing that she was able to cook, shop, perform household cleaning chores, visit with friends, provide care for two young children, and drive a car. Further, the ALJ observed that medical evaluations by Scatorchia's physicians did not

6

support her subjective complaints, as none of her doctors opined that Scatorchia was either unable to work or incapacitated to the degree she had claimed.  For both of these reasons, substantial evidence exists in the record to support the ALJ's credibility determinations as to Scatorchia's levels of pain and incapacitation.  It was therefore proper for the ALJ to accord only limited weight to Scatorchia's testimony as to her subjective symptoms when the ALJ determined her residual functional capacity pursuant to step four.

V.

Scatorchia's final argument is that she should receive a new hearing so that the ALJ may consider new evidence she acquired after her original hearing.  After receiving an adverse ruling from the ALJ on November 24, 1999, Scatorchia apparently sought and obtained additional medical opinions in an attempt to buttress her position.  These included an MRI analysis on December 3, 1999 and written observations by new doctors dated October 2, 2001 and March 26, 2002.  Scatorchia asks this Court to require the ALJ to consider this new evidence on remand.  However, before a court may remand an agency determination on this ground, a claimant must show "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).  Four factors must be considered pursuant to this requirement.  *See*, *e.g.*, *Newhouse v. Heckler*, 753 F.2d 283, 287 (3d Cir. 1985).  First, the evidence must be new and not merely cumulative of what is already in the record.  *Id.* at 287.  Second, the evidence must be material, relevant and probative.  *Id.*  Third, there must exist a reasonable probability that the new evidence would have caused the Commissioner to reach a different conclusion.  *Id.*  Fourth, the claimant must show good cause as to why the evidence was not incorporated into the earlier administrative record.

7

*Id.*

Here, Scatorchia has not provided any explanation for her failure to acquire this additional medical information prior to her hearing. This alone is sufficient to determine that Scatorchia cannot make the necessary good cause showing. *See, e.g., Matthews v. Apfel*, 239 F.3d 589, 595 (3d Cir. 2001) (declining to remand for lack of good cause where Social Security claimant could not "explain[] why she did not attempt to obtain [an] evaluation at a time when it could be considered by the ALJ"). Moreover, in circumstances such as these, we are mindful that "[i]f we were to order remand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand." *Matthews*, 239 F.3d at 595. Finally, from our review of Scatorchia's additional evidence we discern that not only is good cause lacking for its belated introduction, but also that there is not a reasonable probability that the new evidence would have caused the Commissioner to reach a different conclusion. *See Newhouse*, 753 F.2d at 287. For all of these reasons, we decline to accept Scatorchia's invitation to remand this matter.

VI.

In conclusion, the ALJ's determinations at steps three and four of the five-step evaluation process for disability insurance benefits are both supported by substantial evidence. Scatorchia's additional arguments are without merit. We have considered the other arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.

8