

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2005

# Arroyo v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4739

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Arroyo v. Comm Social Security" (2005). *2005 Decisions.* Paper 223.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/223

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4739
_____

EDWIN ARROYO,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cv-05717)
District Judge:  Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2005

Before:  ROTH, McKEE and FISHER, *Circuit Judges*.

(Filed November 16, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Edwin Arroyo appeals from the District Court's order affirming the Commissioner

of Social Security's denial of his application for disability insurance benefits (DIB) and

supplemental security income (SSI).  Arroyo challenges the determination of the

Administrative Law Judge ("ALJ") at step three of the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step three, the ALJ concluded that Arroyo's impairments did not meet or equal the criteria for a listed impairment. For the reasons stated below, we will affirm the order of the District Court.

I.

We apply the same standard of review as the District Court, and review the ALJ's decision to determine whether it is based on substantial evidence. *Burnett v. Commissioner*, 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence" has been defined as "more than a mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. *Id.* (internal citations omitted).

The Social Security Administration has promulgated a five-step evaluation process to determine whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. In step one, the Commissioner decides whether the claimant is currently engaging in substantial gainful activity. If so, the claimant is not eligible for DIB or SSI. *Id.* §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant is suffering from a severe impairment. If the impairment is not severe, the claimant is not eligible for benefits. *Id.* §§ 404.1520(c), 416.920(c). In step three, the Commissioner evaluates whether the evidence establishes that the claimant suffers from a listed impairment. If so, the claimant is automatically eligible for benefits; if not, the

Commissioner proceeds to the next step. *Id.* §§ 404.1520(d), 416.920(d). In step four, the Commissioner reviews whether the claimant retains the "residual functional capacity" to perform his or her past relevant work. If so, the claimant is not eligible for DIB or SSI. *Id.* §§ 404.1520(e), (f), 416.920(e), (f). Finally, in step five, the Commissioner determines whether the claimant can make a transition to other work. In making this determination, the Commissioner considers the claimant's age, education, work experience, and residual functional capacity. *Id.* §§ 404.1520(g), 416.920(g).

The ALJ, following the five-step sequential analysis discussed above, made the following findings: (1) Arroyo has not engaged in substantial gainful activity since the alleged onset of disability; (2) he has bilateral pes planus deformity with foot and ankle pain, a combination of impairments considered severe under applicable regulations; (3) his medically determinable impairments do not meet or medically equal one of the listed impairments; (4) he is unable to perform any of his past relevant work; and (5) based on Arroyo's exertional capacity for sedentary work, and his age, education, and work experience, a finding of "not disabled" is directed by Medical Vocational Rule 201.28.

II.

Arroyo challenges the ALJ's step-three conclusion, alleging that the ALJ failed to compare the combination of his severe impairments to any of the listed impairments. Arroyo's argument is based on the fact that the ALJ did not specifically mention any of

3

the listed impairments. Arroyo also points to an apparently conclusory statement on page seven of the ALJ's decision.[1]

We agree with the District Court that only two listed impairments were potentially relevant to Arroyo, and that the ALJ properly compared Arroyo's combined impairments with those two listings. Listing 1.03, titled "[a]rthritis of a major weight-bearing joint (due to any cause)," requires "marked limitation of motion or abnormal motion of the affected joint." Viewed as a whole, the ALJ's decision clearly indicates that he considered the factors relevant to this listing. The ALJ cited medical reports that indicated that Arroyo had "no significant evidence of osteoarthritis" and a "mildly limited range of motion in each ankle."

The other relevant listing, Listing 1.09, is titled "[a]mputation or anatomical deformity of … [b]oth hands or [b]oth feet; or [o]ne hand and one foot." The listing provides examples of equivalents such as "loss of major function due to degenerative changes associated with vascular or neurological deficits, traumatic loss of muscle mass or tendons and X-ray evidence of bony ankylosis at an unfavorable angle, joint subluxation or instability." The ALJ cited medical reports that found that Arroyo had "no significant evidence of … degenerative change," that his "hands were within normal

---

[1]After a significant discussion of Arroyo's claim, the ALJ made several findings. At step-three, the ALJ found that, "[t]hese medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4."

4

limits," that his "left ankle was within normal limits," that he "showed no … muscle weakness," that there was "no orthopedic abnormality except for somewhat limited range of motion in the left ankle," and that his right ankle had normal range of motion. In addition, the ALJ noted that X-rays of both the feet and ankles showed that the right ankle was "a normal ankle joint with a calcaneal spur" and the left ankle was subject to "mild osteoarthritis of the tibiotalar joint." Thus, analysis of the entire decision shows that the ALJ did in fact consider Listings 1.03 and 1.09.

Arroyo, however, claims that the ALJ violated our directive in *Burnett* by failing to adequately explain his reasoning at step three of the Commissioner's five-step analysis. "To be sure, in *Burnett* we required 'the ALJ to set forth the reasons for his decision,' and held that the ALJ's bare conclusory statement that an impairment did not match, or is not equivalent to, a listed impairment [is] insufficient." *Jones v. Barnhart*, 364 F.3d 501, 504 (3d Cir. 2004) (quoting *Burnett*, 220 F.3d at 119-20). However, the ALJ's step three analysis in this case satisfies *Burnett*. As we stated in *Jones*, "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Id.* at 505.

We agree with the District Court that the ALJ sufficiently explained his reasoning so as not to run afoul of this Court's requirement that an ALJ's decision be explained in a manner sufficient to ensure "meaningful judicial review." *Burnett*, 220 F.3d at 119. In

5

*Burnett*, the ALJ had set forth only a conclusion. Here, we have more than that. The ALJ specifically discussed the considerations relevant to two specific listings. Although we would encourage ALJs to specifically identify the listed impairments under consideration, we are able to discern the particular listed impairments considered in this cased based on the ALJ's discussion of the relevant evidence and his related conclusion that Arroyo's combined impairments were not severe enough to "meet or medically equal one of the listed impairments." The ALJ's step three analysis satisfies the requirements of *Burnett*.

Arroyo also argues that the ALJ did not seriously consider his subjective complaints of pain. The ALJ may consider a claimant's subjective complaints of pain at step three of the sequential analysis. However, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). Rather, the pain reported by the claimant "must be associated with relevant abnormal signs or laboratory findings" that are supported by medical records. 20 C.F.R. § 404, subpt. P, app. 1.

It is true that pain "might suggest a greater severity of impairment than can be shown by objective medical evidence alone." A claimant may therefore submit other evidence for consideration, such as his daily activities; the duration, frequency, and intensity of the pain; the types of medication taken for the pain; and any other measures taken to alleviate pain. 20 C.F.R. §§ 404.1529(c)(3)(i-vii), 416.929(c)(3)(i-vii).

After carefully considering all the evidence before him, including evidence of the nature discussed above, the ALJ concluded that the claimant's credibility concerning allegations of pain and limited concentration was low. Substantial evidence supports the ALJ's conclusion. Arroyo's testimony regarding his daily activities belies his claims of severe pain. Moreover, Arroyo testified that he took only an occasional over-the-counter painkiller for his pain, and never discussed his pain with his doctor. As substantial evidence supports the ALJ's credibility determination, we find no error in it.

III.

In addition to reviewing Arroyo's specific arguments, we have reviewed the administrative record in its entirety and conclude that the ALJ's decision to deny benefits is based on substantial evidence.

Accordingly, we will affirm the order of the District Court.