

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2006

# Wisniewski v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4702

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wisniewski v. Comm Social Security" (2006). *2006 Decisions*. Paper 87.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/87

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4702
_____

ANNA WISNIEWSKI,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-05012)
District Judge:  The Honorable William H. Walls

_____

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2006

Before: McKEE, AMBRO, and NYGAARD, Circuit Judges.


(Filed: December 15, 2006)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Anna Wisniewski appeals an order of the District Court which affirmed the Commission of Social Security's ("Commissioner") decision to deny disability insurance benefits and supplemental security income ("SSI"). We will affirm.

I.

Because we are writing for the sole benefit of parties who are familiar with the record and prior proceedings, we will briefly summarize the pertinent facts and will limit our discussion to our *ratio decidendi.* Wisniewski claimed disability stemming from an injury she sustained to her right hand in September of 1993. She filed applications for disability insurance and SSI benefits in February of 1996. These claims were denied both initially and on reconsideration. Wisniewski requested a hearing, which was held in June of 1997. At a supplemental hearing, the administrative law judge heard the testimony of a vocational expert. The administrative law judge affirmed the Commissioner's denial of benefits. Wisniewski appealed to the appeals council which denied her request for review. Next, Wisniewski filed an action in the District Court. The District Court remanded her case to the Commissioner, expressing concern that the hypothetical given to the vocational expert did not accurately encompass all of Wisniewski's impairments.

On remand to the Commissioner, the administrative law judge heard the testimony of two medical experts, Dr. Zemel, who appeared for the Commissioner, and Dr. Mylod, who appeared for Wisniewski. Considering the matter de novo, the

2

administrative law judge determined that Wisniewski was not disabled. This
determination was again affirmed by the appeals council. Once again, Wisniewski filed
an action in the District Court. This time, the District Court affirmed the disability
determination, finding substantial evidence to support the Commissioner's position.

## II.

The Social Security Administration uses a five-step sequential procedure to
evaluate disability claims. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the
Commissioner decides whether the claimant is currently engaged in substantial gainful
activity. *Id*. §§ 404.1520(b), 416.920(b). At step two, the Commissioner decides whether
the impairment is severe. *Id*. §§ 404.1520(c), 416.920(c). At step three, medical evidence
of the claimant's impairment is compared to a list of impairments (the "Listings")
presumed severe enough to preclude any gainful work. *Id. §§ 404.1520*(d), 416.920(d).
The ALJ is also required to explain the reasons supporting his decision. *See Burnett v.
Commissioner of Social Security Administration*, 220 F.3d 112, 119 (3d Cir.2000). If the
claimant's impairment matches one of the listed impairments, he qualifies for benefits
without further inquiry.

If the claimant does not qualify under the Listings, the analysis proceeds to
the fourth and fifth steps. At step four, the ALJ determines whether the claimant retains
the residual functional capacity ("RFC") to perform his or her past relevant work. *Id.* §§
404.1520(e), (f), 416.920(e), (f). Finally, at step five, the Commissioner determines
whether the claimant can make a transition to other work. In making this determination,

the Commissioner considers the claimant's age, education, work experience, and residual functional capacity. *Id*. §§ 404.1520(g), 416.920(g). If the claimant cannot do his past work or other work, he qualifies for benefits. *Sullivan v. Zebley*, 493 U.S. 521, 525-26, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990).

In this case, the administrative law judge found that: (Step One) Wisniewski had not engaged in substantial gainful activity since the onset of her alleged disability; (Step Two) Wisniewski had a dysfunction of the right hand which was a severe impairment, but that this impairment neither met nor was the medical equivalent to an impairment to the clinical criteria of any impairment or medical condition found in the Listings, 20 C.F.R. Part 404, Appendix 1, Subpart P. The administrative law judge further found that (Step Four) Wisniewski had retained the ability to perform light and sedentary work activity, (excepting gross or fine manipulations with the right hand), but was not able to return to her past relevant work. However, (Step Five) based on the vocational expert's testimony concluding that there were a significant number of jobs in the national economy that Wisniewski could perform despite her impairment, the administrative law judge found that she was not disabled.

## III.

In her opening argument, Wisniewski maintains that the administrative law judge misapplied the law by failing to evaluate "all" of the evidence she presented.

4

Specifically, she argues that "all of the evidence [must] be explicitly set forth and analyzed with the specific reasons being offered for accepting or rejecting each entry." Appellant's brief at 5. She relies on our decision in *Cotter v. Harris*, 642 F.3d 700 (3d Cir. 1981), to support her position. Her reliance is misplaced. *Cotter* does not require an ALJ to explain why evidence that is not probative has been rejected. *See Cotter*, 642 F.2d at 707. In *Cotter*, there was conflicting medical evidence and testimony concerning the severity of the claimant's heart condition. 642 F.2d at 707. We held that the administrative law judge erred by accepting the medical evidence and testimony that opposed the claimant's position without explaining his reasons for rejecting the equally probative medical evidence and testimony supporting the claimant, which included two physicians' recommendations that the claimant not return to his past relevant work. *Id*. Here, there is no conflict in the evidence that would require the administrative law judge to explain why he was accepting certain evidence and rejecting other evidence. To the contrary, the administrative law judge's opinion appropriately discussed the sequential evaluation process. The administrative law judge examined the various medical opinions and used the information and evidence presented therein to support his conclusions. He thus considered all the relevant medical sources in the record. This comprehensive review satisfies *Cotter*.

Additionally, Wisniewski argues that the vocational expert's testimony at the initial hearing in 1997 was "discredited" by the District Court and that the administrative law judge was therefore required to entertain the testimony of a vocational

5

expert again.  We agree with the Commissioner that this argument mischaracterizes the District Court's reasons for remanding the case to the Commissioner.  The District Court's problem was with the hypothetical question presented by the administrative law judge because it failed to "accurately include the full range of [Wisniewski's] limitations."  The District Court's original remand was to reevaluate and identify Wisniewski's functional limitations.  Further, the District Court instructed the administrative law judge to establish, with specificity, the medical evidence upon which his findings were based.  There was no need for further testimony from the vocational expert.

Next, Wisniewski argues that the administrative law judge improperly evaluated Wisniewski's impairments at step three of the analysis.  Specifically, she argues that the administrative law judge did not follow our jurisprudence because he failed to identify the specific listing considered. *Burnett v. Commissioner, Social Security Administration*, 220 F.3d 112, 119-20 (3d Cir. 2000).  We later said that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis.  Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 505, 505 (3d Cir. 2004).  We have never required an administrative law judge to  identify or analyze the most relevant listing. *See e.g. Scatorchia v. Commissioner of Social Security*, 137 Fed.Appx. 468, 471 (3d Cir. 2005)

(finding that the administrative law judge met the *Jones* requirement at step three without identifying the relevant Listing).

We are satisfied that the administrative law judge's step three analysis was sufficient. As we have pointed out, "although we would encourage ALJ's to specifically identify the listed impairments under consideration, we are able to discern the particular listed impairments considered in this case based on the ALJ's discussion of the relevant evidence." *Arroyo v. Commissioner of Social Security*, 155 Fed.Appx. 605, 608 (3d Cir. 2005). It is important to remember that here, Wisniewski presented only one impairment — an injury to her right hand. It is clear from the record here that the administrative law judge identified and discussed the evidence pertaining to that impairment. *See e.g.* Tr. at 177-92. It is also clear which Listing the administrative law judge was considering, especially given that there was only one impairment presented here. We agree with the District Court that the administrative law judge's step three analysis satisfies the requirements we set forth in *Burnett*, *supra*., and *Jones*, *supra*.

Finally, Wisniewski argues that it was improper for the administrative law judge to continue to rely on the vocational expert's testimony on remand because the District Court had "discredited" such testimony. She accuses the administrative law judge of an "end-run" around the District Court's opinion. As we have stated previously, Wisniewski misinterprets the District Court's opinion on remand. In remanding the matter, the District Court instructed that because the hypothetical did not contain any information on Wisniewski's left hand, the administrative law judge should not have

7

assumed that Wisniewski's left had dexterity was normal and that her limited left hand dexterity should have been included in the hypothetical.

To correct this deficiency, the administrative law judge heard testimony from a medical expert who testified to the normality of Wisniewski's left hand. Tr. at 180. Although Wisniewski also testified that she does not have good dexterity with her left hand, the record supports the District Court's conclusion that nothing exists in the medical record here to indicate that Wisniewski's left hand is impaired. Because Wisniewski's left hand was not impaired, the administrative law judge could properly rely a second time on the testimony of the vocational expert who had assumed as much in his testimony.

## III.

We have considered all arguments made by the parties on appeal and conclude that substantial evidence supports the administrative law judge's decision that Wisniewski was not disabled during the relevant period. Accordingly, we will affirm the order of the District Court.